

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Carlton Moore, Chairman
Committee on Counties
House of Representatives
Forty-ninth Legislature
Austin, Texas

Dear Sir:

Opinion No. O-6328
Re: Constitutionality of
House Bill No. 220, re-
garding compensation of
Sheriffs in all counties.

   Your letter of February 14, 1945, requesting the opinion of this department as to the constitutionality of House Bill No. 220, is as follows:

   "As Chairman of the Committee on Counties, in the House of Representatives, Texas Legislature, I beg to submit to you for the purpose of obtaining information from your Department, relative to the constitutionality of House Bill Number 220, which is now pending before my Committee. This Committee would like to know whether the proposed Bill, a copy of which I hereby enclose, or any part of same, is in conflict with Section 61 of Article XVI of the Constitution of Texas."

   House Bill No. 220, by Storey, is as follows:

"A BILL

TO BE ENTITLED

"AN ACT authorizing and empowering the Commis-
sioners' Court to fix the compensation of
Sheriffs in all counties of this State,
based upon the population thereof accord-
ing to the last preceding federal census;
fixing the minimum salaries of such offi-
cers; providing the mode and manner for
the payment of same; providing extra com-
pensation to said officers in certain
counties; providing for supplementation
of salaries for Sheriffs compensated on a
fee basis, if necessary; excluding rewards
from such compensation or salaries herein
provided; providing allowance of all neces-
sary expenses incurred by said officers or
their deputies in the discharge of their
official duties, and designating the funds
out of which said expenses are to be paid;
providing for the purchase of necessary
equipment for use by Sheriffs for the effi-
cient operation of their offices; providing
the mode and manner of paying for said equip-
ment, and designating the funds out of which
same shall be paid for; repealing all laws
and parts of laws in conflict herewith to the
extent of the conflict only; and declaring
an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1.  Except as otherwise provided in this Act, the
Commissioners' Court in each county of this state shall have the
power and authority to fix the salary of the Sheriff therein,
based upon the last preceding federal census, as follows:

"(a) In counties containing Ten Thousand (10,000) or less
inhabitants, not less than Three Thousand Seven Hundred and
Fifty ($3,750.00) Dollars.

"(b) In counties containing as many as Ten Thousand and One (10,001) and not more than Twenty Thousand (20,000) inhabitants, not less than Three Thousand ($3,000.00) Dollars.

"(c) In counties containing as many as Twenty Thousand and One (20,001) and not more than Thirty-seven Thousand Five Hundred (37,500) inhabitants, not less than Three Thousand Six Hundred ($3,600.00) Dollars.

"(d) In counties containing as many as Thirty-seven Thousand Five Hundred and One (37,501) and not more than Sixty Thousand (60,000) inhabitants, not less than Four Thousand Two Hundred and fifty ($4,250.00) Dollars.

"(e) In counties containing as many as Sixty Thousand and One (60,001) and not more than One Hundred Thousand (100,000) inhabitants, not less than Five Thousand Two Hundred ($5,200.00) Dollars.

"(f) In counties containing as many as One Hundred Thousand and One (100,001) and not more than One Hundred Fifty Thousand (150,000) inhabitants, not less than Five Thousand Five Hundred ($5,500.00) Dollars.

"(g) In counties containing as many as One Hundred Fifty Thousand and One (150,001) and not more than Three Hundred Fifty-five Thousand (355,000) inhabitants, not less than Seven Thousand Four Hundred ($7,400.00) Dollars.

"(h) In counties containing more than Three Hundred Fifty-five Thousand (355,000) inhabitants, not less than Ten Thousand ($10,000.00) Dollars.

"Section 2. All salaries shall be paid in Twelve (12) equal installments per year, and paid from funds and in the manner now provided by law for payment of such officers, and providing that in counties having an assessed valuation in excess of Twenty Million ($20,000,000.00) Dollars, and less than One Hundred Twenty Million ($120,000,000.00) Dollars according to

the last preceding approved tax roll of such counties, the amount allowed such Sheriffs as salaries shall be increased one per cent (1%) for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof in excess of said Twenty Million ($20,000,000.00) Dollars valuation, and up to but not including One Hundred Twenty Million ($120,000,000.00) Dollars valuation, over and above the amount allowed such officer as fixed salary by the Commissioners' Court; and providing that Sheriffs who are compensated on a fee basis instead of a salary basis shall have their salaries supplemented, if necessary by the Commissioners' Court out of the General fund of the county, in order for the Sheriff thereof to receive the salary so fixed or allowed herein; and further providing that the compensation herein fixed or allowed for the Sheriff of any county shall be exclusive of any reward or rewards received for the apprehension of criminals or fugitives from justice, and rewards received for the recovery of stolen property.

"Section 3. In addition to the foregoing salary provisions, all necessary expenses incurred by any Sheriff or his deputies in the discharge of their official duties shall be allowed by the Commissioners' Court of the County of the Sheriff's residence, upon properly authorized sworn report, and paid out of the General Fund or out of the Officers' Salary Fund of the county, as the case may be; and, upon the sworn requisition of any Sheriff, certifying that any equipment (such as automobiles, radios, arms, etc.) is necessary for the efficient operation of his office, the Commissioners' Court of the county of the Sheriff's residence shall authorize the purchase of such equipment, and shall pay for the same out of the General Funds of the county.

"Section 4. All laws and parts of laws in conflict herewith are hereby repealed to the extent of the conflict only.

"Section 5. The fact that Sheriffs of the State of Texas are now receiving insufficient salaries for the services which they are required to perform under the laws of this State, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Section 61, Art. XVI, or the State Constitution, provides:

"All district officers of the State of Texas and all county officers in counties having a population of 20,000 or more, according to the then last preceding federal census, shall from the first day of January, and thereafter, and subsequent to the first regular or special session of the Legislature, after the adoption of this resolution, be compensated on a salary basis. In all counties in this State, the commissioners' court shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis; and in counties having a population of less than 20,000, according to the then last preceding federal census, the commissioners' courts shall also have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis.

"All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officers are compensated wholly on a fee basis, such fees may be retained by such officer or paid into the treasury of the county if the commissioners' court may direct. All notary publics, county surveyors and public weighers shall continue to be compensated on a fee basis."

In the case of Bexar County vs. Tynan, et al, 97 S. W. (2d) 467, it is stated:

"In the case of Clark vs. Finley, 93 Texas, 171, 54 S. W. 343, this court recognized that the substantial differences in populations of counties could be made a basis of legislation fixing compensation of officers, on the theory, as the court clearly recognized, that the work devolving upon an officer was in some degree proportionate to the population of the county. This has frequently been

recognized by courts as creating a sufficient dis-
tinction to justify a larger compensation for
county officers in counties having a large popula-
tion as compared with compensation to like officers
in counties having a small population. Conversely,
we think it true that if the Legislature ignores
the obvious fact that the work of county officers
is proportionate to population and classifies coun-
ties in such way that the compensation of officers
in counties having a large population is fixed for
below the compensation allowed like officers in
small counties, such action amounts to fixing a
classification which is arbitrary and which has no
true revelency to the purpose of the legislation..."

Under the terms of House Bill No. 220, the Sheriffs
in counties having a population of 10,000 or less inhabitants
will receive an annual compensation of not less than $3,750.00.
Sheriffs in counties having a population of 10,001 and not more
than 20,000 inhabitants will receive an annual compensation of
not less than $3,000.00. In counties having a population of
20,000 and not more than 37,500 inhabitants, the Sheriff will
receive an annual salary of not less than $3,600.00. It will
be noted that the Sheriffs in counties having a population of
10,001 to 37,500 inhabitants may receive a smaller compensation
than the Sheriffs in counties having 10,000 or less inhabitants.
As stated in Bexar County vs. Tynan, supra, "If the Legislature
ignores the obvious fact that work of county officers is pro-
portionate to population and classifies counties in such way
that the compensation of officers in counties having a large
population is fixed for below the compensation allowed like
officers in small counties, such action amounts to fixing a
classification which is arbitrary and which has no true
relevency to the purpose of the legislation."

Under the provision of Section 61, Article XVI of the
State Constitution, all county officers in counties having a
population of 20,000 or more inhabitants, according to the then
last preceding federal census, shall be compensated on a salary
basis, and in counties having a population of less than 20,000
inhabitants, according to the then last preceding federal census,

the Commissioners' Courts shall have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis. House Bill No. 220, supra, among other things, in effect provides that the Sheriffs in all counties having a population of less than 20,000 inhabitants, according to the last preceding federal census, will be compensated on a salary basis. The bill provides for a minimum compensation for Sheriffs in all counties and in counties where the Sheriff is compensated on a fee basis, if his fees are not sufficient to meet the minimum compensation fixed by the bill, then the difference between the amount of fees and the minimum compensation must be paid the Sheriff by the county out of his general fund. It is clear that the bill leaves no discretion with the Commissioners Court in counties having a population of less than 20,000 inhabitants. Under the express terms of Section 61, Article XVI of the Constitution, the Commissioners' Court in counties having a population of less than 20,000 inhabitants, has the authority to determine whether county officers shall be compensated on a fee basis or a salary basis. Under the terms of House Bill No. 220, the Commissioners' Courts in counties having a population of less than 20,000 inhabitants would be restricted with reference to the compensation of Sheriffs. The Courts could not fully determine whether the Sheriffs were to be compensated on a straight fee basis or a straight salary basis. In the event the Commissioners' Court of such counties determine that Sheriffs would be compensated on a fee basis and the Sheriffs failed to collect fees sufficient to meet the minimum amounts set by the bill, then the county would be required to pay the Sheriff an amount out of the general fund sufficient to bring his compensation to the minimum provided by statute.

It is our opinion that H. B. No. 220 contravenes the provisions of Section 61, Article XVI of the Constitution, wherein said bill attempts to divest the Commissioners' Court of counties having a population of less than 20,000 inhabitants to determine whether the Sheriffs shall be compensated on a straight fee basis or on a straight salary basis. It is our further opinion that if the Legislature ignores the obvious fact that the work of county officers is proportionate to population, and classifies counties in such a way that the compensation of officers of a county having a population of not less than 10,001 and not more than 20,000 inhabitants, or a county having a population of

Hon. Carlton Moore, page 8

20,001 and not more than 37,500 inhabitants, will be a smaller amount of compensation than Sheriffs in counties of 10,000 or less inhabitants, such action amounts to fixing a classification which is arbitrary and which has no true revelency to the purpose of the legislation. It is our opinion that said House Bill No. 220 is unconstitutional.

Yours Very truly

ATTORNEY GENERAL OF TEXAS

By

    (s) Ardell Williams
        Assistant

AW:rt:ls

APPROVED Feb. 19, 1945
First Assistant
Attorney General
(s) Carlos C. Ashley

Approved
Opinion
Committee
By (s) BWB
Chairman